**BLANK ROME LLP**
By: Terry M. Henry (No. 77455)
Lauren E. O'Donnell (No. 306890)
One Logan Square
Philadelphia, PA 19103-6998
215.569.5735 (Office)
215.832.5735 (Facsimile)
THenry@BlankRome.com (email)
ODonnell@BlankRome.com (email)

*Attorneys for Defendants Woodhead
Industries, LLC, incorrectly identified as
Woodhead, LP, Daniel Woodhead Company,
and Daniel Woodhead, Inc.; and Molex, LLC,
incorrectly identified as Molex, Inc.*

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN SETTLE and CHRISTINE SETTLE, | : | CIVIL ACTION |
| Plaintiffs, | : | NO. _____ |
| v. | : | |
| HAMER, LLC, et al., | : | |
| Defendants. | : | |

### NOTICE OF REMOVAL

Defendants, Woodhead Industries, LLC, incorrectly identified as Woodhead, LP,[1] Daniel Woodhead Company, and Daniel Woodhead, Inc. (hereinafter "Woodhead Industries"); and Molex, LLC, incorrectly identified as Molex, Inc. (hereinafter "Molex"), by and through their undersigned counsel, respectfully petition this Court for removal of the above-captioned case from the Court of Common Pleas of Philadelphia County, Pennsylvania to the United States

---

[1] Referred to in certain filings as Woodhead, LLP.

1

District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1332(a), 1441(a), and 1446, and allege as follows:

1. Plaintiffs initiated this action against Molex and Woodhead Industries in the Court of Common Pleas of Philadelphia County, Pennsylvania, July Term, 2017, No. 170700917, by filing a Praecipe to issue a Writ of Summons on July 12, 2017. A copy of the Writ of Summons is attached as Exhibit "A."

2. Plaintiffs filed their Complaint against Molex and Woodhead Industries on February 12, 2018. A copy of the Complaint is attached as Exhibit "B."

3. On February 12, 2018, Molex and Woodhead Industries were served with a copy of the Complaint through the Philadelphia Court of Common Pleas electronic filing system. A copy of the email receipt of service is attached hereto as Exhibit "C."

4. This Notice is timely, it being filed within thirty days of Defendants' receipt of a copy of the Complaint setting forth the claims for relief upon which the action is based and within one year of commencement of the action.

5. Plaintiffs John and Christine Settle are citizens of the State of Pennsylvania, residing in Levittown, Pennsylvania. *See* Exhibit "B" at ¶ 2.

6. This case is a civil suit in which Plaintiffs seek damages from Molex and Woodhead Industries based on allegations that a Woodhead entity designed, manufactured, and sold a defective product. *Id.* at ¶¶ 33, 53-57.

7. Plaintiffs incorrectly identify Molex, LLC as Molex, Inc.; there is no entity known as or identified as Molex, Inc. Declaration of John Newkirk, Exhibit "D" at ¶ 5.

8. Molex, LLC is the parent of Woodhead Industries and does not design, manufacture or sell the product allegedly at issue. Exhibit "D" at ¶ 8.

9. Molex, LLC is a Delaware limited liability company with its principal place of business is in Illinois. Exhibit "D" at ¶¶ 6-7.

10. Plaintiffs identified Woodhead Industries, LLC, incorrectly as Woodhead, LP,[2] Daniel Woodhead Company, and Daniel Woodhead, Inc., but only Woodhead Industries, LLC is an active entity and is the entity that designed, manufactured, and sold the product at issue. Exhibit "B" at ¶ 33; Exhibit "D" at ¶ 9.

11. Woodhead Industries, LLC is a Delaware limited liability company with its principal place of business in Illinois. Exhibit "D" at ¶¶ 10-11.

12. Defendant Dave Fischbein Company is a Minnesota company with its principal place of business in Minnesota. Exhibit "B" at ¶ 94.

13. Defendant Duravant, LLC is not a Pennsylvania company, and it has its principal place of business in Illinois. *Id.* at ¶ 64.

14. Defendant Hamer, LLC is not a Pennsylvania company, and it has its principal place of business in Minnesota. *Id.* at ¶ 63.

15. Defendant Hamer, Inc. is a Minnesota company with its principal place of business in Minnesota. *Id.* at ¶ 82.

16. Upon information and belief, Defendant Hamer-Fischbein is not a Pennsylvania company, and its principal place of business is in either Minnesota, Illinois, or North Carolina. *See generally id.* at ¶ 103.

17. Defendant Hamer-Fischbein, LLC is a Minnesota company with its principal place of business in Minnesota. *Id.* at ¶ 78.

18. Defendant Hamer-Fischbein America is a North Carolina company with its principal place of business in North Carolina. *Id.* at ¶ 108.

---

[2] *See* n.1 *supra*.

3

19. Defendant Fischbein Company is not a Pennsylvania company, and it has its principal place of business in Illinois. *Id.* at ¶¶ 65, 100.

20. Defendant Fischbein LLC is not a Pennsylvania company, and it has its principal place of business in Illinois. *Id.* at ¶ 65.

21. Each of the defendants consent to removal.

22. Plaintiffs seek damages from all defendants "in excess of fifty thousand dollars (50,000.00) together with costs and any other relief this Court deems appropriate." *See* Exhibit "B" at "Wherefore" Clauses of Counts I through VII.

23. Plaintiffs allege that John Settle has sustained severe injuries, including:

an electrical shock and related injuries, including burns and was caused to fall and suffer additional injuries to his body, which included, but are not limited to the following:

    a. Injuries to his body, burning and shock;
    b. Injuries to his shoulders, arms, and upper extremities;
    c. Injuries to his neck and back;
    d. Physical injuries to his muscles, ligaments, nerves, and sesquelae [sic] thereto;
    e. Hospital, medical expenses, past and future;
    f. Scarring and disfigurement;
    g. Lost Earnings;
    h. Pain and suffering, past and future;
    i. Lost life pleasures, past and future; [and]
    j. Other damages, the full extent of which are not yet known, which may be determined in discovery and/or at trial.

*Id.* at ¶ 155.

24. Plaintiffs allege that John Settle has incurred medical expenses as a result of medical treatment in the past and will require medical treatment in the future, and that he has suffered pain, disfigurement, scarring, lost earnings, and loss of enjoyment of life's pleasures. *Id.*

25. Finally, according to Plaintiffs' Complaint, Christine Settle has been caused to suffer the loss of services, society, support, earnings, companionship, and partnership of her husband. *Id.* at ¶ 196 (a)-(e).

26. Under 28 U.S.C. § 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

27. Under 28 U.S.C. § 1332, which provides for diversity jurisdiction, the "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1).

28. Generally, whether the amount in controversy requirement has been satisfied is determined from the face of the plaintiff's complaint. *Angus v. Shiley*, 989 F.2d 142, 145 (3rd Cir. 1993).

29. Here, Plaintiffs' Complaint does not seek a precise amount of damages. Instead, the Complaint seeks damages from all Defendants "in excess of fifty thousand (50,000.00) dollars," which exceeds the compulsory arbitration requirement in Pennsylvania. *See* 42 Pa. Cons. Stat. Ann. § 7361. The Complaint does not indicate the maximum potential worth of Plaintiffs' damages.

30. When a complaint does not limit its request to a precise monetary amount, a court must make an independent appraisal of the claim's value to determine whether it satisfies the amount in controversy requirement. *Angus*, 989 F.2d at 146; *see also Morgan v. Gay*, 471 F.3d 469, 474-75 (3d Cir. 2006) ("[T]his Court must look to see if the plaintiff's actual monetary

5

demands in the aggregate exceed the threshold, irrespective of whether the plaintiff states that the demands do not.").

31. In such cases, "the amount in controversy is not measured by the low end of an open-ended claim, but rather by a reasonable reading of the value of the rights being litigated." *Angus*, 989 F.2d at 146. "The court must assess the claims that are made and attempt to translate those claims in to monetary sums." *Bailey v. J.B. Hunt Transport, Inc.*, No. 06-240, 2007 U.S. Dist. LEXIS 16941, at *12 (E.D. Pa. Mar. 8, 2007) (citing *Samuel-Bassett v. Kia Motors Am., Inc.*, 357 F.3d 392, 398-99 (3d Cir. 2004)); *see also Morgan*, 471 F.3d at 475 (noting that the court's "task is to examine not just the dollar figure offered by the plaintiff but also her actual legal claims").

32. Courts in this Circuit have found that the amount in controversy is satisfied where, as here, there are allegations of serious personal injury, other past and ongoing medical treatment and expenses, lost income, physical pain and mental anguish, as well as loss of life's pleasures and where the complaint itself only alleges damages in excess of $50,000. *See Marie Sears Auto Repair Center*, No. 10-cv-6535, 2011 U.S. Dist. LEXIS 5476, at *5-8 (E.D. Pa. Jan. 20, 2011); *Howlett v. Irwin*, No. 10-465, 2011 U.S. Dist. LEXIS 20525, at *5-6 (E.D. Pa. Mar. 1, 2011); *Varzally v. Sears, Roebuck & Co.*, No. 09-cv-6137, 2010 U.S. Dist. LEXIS 81197, at *5-7 (E.D. Pa. Aug. 11, 2010); *Ciglar v. Ruby Tuesday, Inc.*, No. 09-239, 2009 U.S. Dist. LEXIS 22192, at *14 (E.D. Pa. Mar. 19, 2009); *see also Bailey*, 2007 U.S. Dist. LEXIS 16941, at *24; *Ciancaglione v. Sutherlin*, No. 04-CV-2249, 2004 U.S. Dist. LEXIS 18589, at *10 (E.D. Pa. Sept. 13, 2004).

33. As a result, Plaintiffs' allegations concerning the damages they allegedly suffered and continue to suffer, coupled with their demand for damages in excess of $50,000, satisfy the amount in controversy requirement in this case.

34. Because the parties to this action are citizens of different states, and because the amount in controversy exceeds $75,000 under Third Circuit law, federal diversity jurisdiction exists, and removal of this action is appropriate under 28 U.S.C. § 1332(a).

35. Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal is being provided to Plaintiffs and co-Defendants, and is being filed with the Court of Common Pleas of Philadelphia County, Pennsylvania.

36. Judicial economy, fairness, and convenience to the parties will be served by removing this state action to federal court.

37. Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served on Defendants in this action is attached hereto as Exhibit "E."

WHEREFORE, Defendants, Molex, LLC, incorrectly identified as Molex, Inc. and Woodhead Industries, LLC, incorrectly identified as Woodhead, LP,[3] Daniel Woodhead Company, and Daniel Woodhead, Inc., respectfully request that the above-captioned action pending against them in the Court of Common Pleas of Philadelphia County, Pennsylvania be removed to the United States District Court for the Eastern District of Pennsylvania.

---

[3] *See* n.1 *supra*.

151801.00601/106633814v.1

Respectfully submitted,

BLANK ROME LLP

By: _____
Terry M. Henry (PA Bar No. 77455)
Lauren O'Donnell (PA Bar No. 306890)
One Logan Square
130 N. 18th Street
Philadelphia, PA 19103-6998
Telephone: 215-569-5500
Facsimile: 215-569-5555
Email: THenry@BlankRome.com
Email: ODonnell@BlankRome.com

*Attorneys for Defendants Woodhead Industries, LLC, incorrectly identified as Woodhead, LP, Daniel Woodhead Company, and Daniel Woodhead, Inc.; and Molex, LLC, incorrectly identified as Molex, Inc.*

Dated: March 12, 2018

8

151801.00601/106633814v.1

## CERTIFICATE OF SERVICE

I, Lauren O'Donnell, Esquire, hereby certify that, on March 12, 2018, a true and correct copy of the foregoing Notice of Removal was served via first-class U.S. mail upon the following:

ARTHUR L. BUGAY, ESQUIRE
GALFAND BERGER, LLP
1835 MARKET STREET, SUITE 2710
PHILADELPHIA, PA 19103
*Attorney for Plaintiffs, John Settle and Christine Settle*

WILLIAM J. FERREN & ASSOCIATES
Patrick J. Moran, Esquire
Ten Sentry Parkway, Suite 301
Blue Bell, PA 19422
*Attorney for Hamer Defendants*

_____
Lauren O'Donnell