# EXHIBIT B

Filed and Attested by the
Office of Judicial Records
12 FEB 2018 09:15 am
A. STAMATO

| | |
|---|---|
| **GALFAND BERGER, L.L.P.**<br>BY:  ARTHUR L. BUGAY, ESQUIRE<br>ID:  62251<br>1835 Market Street, Suite 2710<br>Philadelphia, Pennsylvania 19103<br>(215) 665-1600 | **Attorney for Plaintiffs** |
| JOHN SETTLE AND CHRISTINE SETTLE<br>43 Ovalturn Lane<br>Levittown, PA 19055<br><br>vs.<br><br>HAMER, LLC<br>14650 28TH AVENUE NORTH<br>PLYMOUTH, MINNESOTA 55447-4821<br>     AND<br>HAMER, INC.<br>4400 NORWOOD LANE NORTH<br>MINNEAPOLIS, MINNESOTA 55442-2769<br><br>14650 28TH AVENUE NORTH<br>PLYMOUTH, MINNESOTA 55447-4821<br>     AND<br>HAMER-FISCHBEIN<br>14650 28TH AVENUE NORTH<br>PLYMOUTH, MINNESOTA 55447<br>     AND<br>HAMER-FISCHBEIN, LLC<br>14650 28TH AVENUE NORTH<br>PLYMOUTH, MINNESOTA 55447<br>     AND<br>HAMER-FISCHBEIN AMERICA<br>151 WALKER ROAD<br>STATESVILLE, NORTH CAROLINA  28625<br>     AND<br>FISCHBEIN COMPANY<br>151 WALKER ROAD<br>STATESVILLE, NORTH CAROLINA  28625<br>     AND<br>FISCHBEIN LLC<br>MINNEAPOLIS, MINNESOTA 55406 | **IN THE COURT OF COMMON PLEAS** Philadelphia COUNTY<br><br>**CIVIL TRIAL DIVISION**<br><br>NO.  July 2017<br>NOS.  0917<br>          2025<br><br>**JURY TRIAL DEMANDED** |

|  |  |
|---|---|
| AND<br>DAVE FISCHBEIN COMPANY<br>MINNEAPOLIS, MINNESOTA  55406<br>    AND<br>DURAVANT, LLC<br>3500 LACEY ROAD<br>SUITE 290<br>DOWNERS GROVE, ILLINOIS  60615<br>    AND<br>WOODHEAD, LP<br>2222 WELLINGTON COURT<br>LISLE, ILLINOIS  60532-3831<br> AND at<br>WOODHEAD, LP<br>3411 WOODHEAD DRIVE<br>NORTHBROOK, IL  60062<br>    AND<br>DANIEL WOODHEAD COMPANY<br>3411 WOODHEAD DRIVE<br>NORTHBROOK, ILLINOIS  60062<br>    AND<br>DANIEL WOODHEAD, INC.<br>2222 WELLINGTON COURT<br>LISLE, ILLINOIS  60532-3831<br>    AND<br>MOLEX, INC.<br>2222 WELLINGTON COURT<br>LISLE, ILLINOIS  60532-3831 |  |

## NOTICE

    You have been sued in Court.  If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and Notice are served, by entering a written appearance personally or by an attorney and filing in writing with the Court your defenses or objections to the claims set forth against you.  You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the Court without further notice for any money claimed in the Complaint or for any other claim or relief requested by the Plaintiff.  You may lose money or property or other rights important to you.

Case ID: 170700917

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE.  IF YOU DO NOT HAVE A
LAWYER GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW.  THIS OFFICE CAN
PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER, THIS OFFICE MAY BE ABLE
TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL
SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

Lawyer Referral Service
One Reading Center
1101 Market Street, 11th Floor
Philadelphia, Pennsylvania 19107
(215) 238-6333

"AVISO"

Le han demandado en la corte.  Si usted quiere defenderse de estas demandas expuestas en las páginas
siguientes, usted tiene veinte (20) días de plazo de la demanda y notificación para asentar una comparecencia
escrita en persona o por su abogado y archivar con la corte en forma escrita sus defensas o sus objeciones a
las demandas en contra de su persona.  Sea avisado que si usted no se defiende, la corte puede continuar la
demanda en contra suya y puede entrar una decisión contra usted sin aviso o notificación adicional por la
cantidad de dinero de la demanda o por cualquier reclamación hecha por el demandante.  Usted puede
perder dinero o propiedad u otros derechos importantes para usted.

USTED DEBE DE LLEVAR ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE.  SI NO TIENE
ABOGADO O SI NO TIENE EL DINERO SUFICIENTE PARA PAGAR TAL SERVICIO, VAYA EN
PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA
ESCRITO ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

ASSOCIACION DE ABOGADOS DE PHILADELFIA
Servicio De Referencia E Información Legal
1101 Market Street, 11th Floor
Philadelphia, Pennsylvania 19107
(215) 238-6333

3

GALFAND BERGER, LLP
BY: ARTHUR L. BUGAY, ESQUIRE
PA ID # 62251
1835 MARKET STREET, SUITE 2710
PHILADELPHIA, PA  19103
215-665-6810

```
┌─────────────────────────────────────────────┐
│           NOTICE TO PLEAD                     │
│                                               │
│ TO: All Defendants                            │
│                                               │
│ You are hereby notified to file a written     │
│ response to the enclosed Complaint within     │
│ twenty (20) days from the date of service     │
│ hereof or judgment may be entered against     │
│ you.                                          │
│                                               │
│           Attorney for Plaintiffs             │
└─────────────────────────────────────────────┘
```

| | |
|---|---|
| JOHN SETTLE | : COURT OF COMMON PLEAS |
| CHRISTINE SETTLE | : PHILADELPHIA COUNTY |
| VS. | : JULY TERM, 2017 |
| HAMER, LLC, ET AL. | : NO. 00917 |
| | :JURY TRIAL DEMANDED |
| | : |
| JOHN SETTLE | : COURT OF COMMON PLEAS |
| CHRISTINE SETTLE | : PHILADELPHIA COUNTY |
| VS. | : JULY TERM, 2017 |
| | : NO. 02025 |
| WOODHEAD, L.P.  ET AL. | :JURY TRIAL DEMANDED |

## CONSOLIDATED COMPLAINT

### I.   PARTIES

1     Plaintiff John Settle is married to Plaintiff Christine Settle and they were so at relevant times alleged herein.

4

2     Plaintiffs are adult citizens and residents of the Commonwealth of Pennsylvania, residing therein at 43 Ovalturn Lane, Levittown, PA 19055.

3     On July 20, 2015, Plaintiff John Settle suffered permanent injuries from a Model 2090 Hamer Bagging Machine, believed and averred to correspond to serial number 0890901, internally referred to by Plaintiff-Husband's employer, upon information and belief, as Bagger Number 2 or the Line 2 Bagging Machine.

4     Plaintiff-Husband's July 20, 2015 injury was caused by Defendants' products, designed, manufactured, and sold by Defendants identified herein.

5     These products are identified herein as a Model 2090 Hamer Bagging Machine, identified above, referenced, upon information and belief, by serial number 0890901, and a "Woodhead LP" "Safeway Series 4000" Pendant Control.

6     These products may be referred to herein as the "subject bagging machine", the "Hamer Bagger" or "Subject Hamer Bagger", the "subject pendant control", the "Woodhead Pendant Control" or "Subject Woodhead Pendant Control" or by other similar references. Capitalization or punctuation do not affect these references herein.

7     Plaintiff-Husband's July 20, 2015 injury occurred in the course and scope of his employment by Morton Salt, Inc. and occurred at its Fairless Hills, Plant, located at or about 12 Solar Drive, Fairless Hills, Pa. 19030.

8     It is believed and averred that the subject Model 2090 Hamer Bagging Machine was designed, manufactured, and sold by Defendant Hamer, LLC.

9     It is believed and averred that, as discussed herein and incorporated by reference, Defendant Hamer, LLC subsequently changed its name to Defendant Hamer-Fischbein, LLC.

5

10    It is believed and averred that the subject Model 2090 Hamer Bagging Machine was designed, manufactured, and/or sold by the "Hamer Defendants", identified herein, in or around 2009.

11    It is believed and averred that Defendants Hamer, LLC and/or Hamer-Fischbein, LLC sold the subject Hamer Bagging Machine in or around 2009 in Pennsylvania to, *inter alia*, International Salt and/or its successors.

12    It is believed and averred that, in or around November 2014, Morton Salt, Inc., Plaintiff-Husband's employer was acquired International Salt.

13    It is believed and averred that, at the time the subject Model 2090 Hamer Bagging Machine was designed, manufactured, and sold, and/or at relevant times thereto, it was designed, manufactured, and/or sold with a Safeway Series 4000 Pendant Control designed, manufactured and sold by Defendant Woodhead, LP.

14    Alternatively, the subject Woodhead Pendant control was sold separately and installed on the subject Hamer Bagger in Pennsylvania.

15    It is believed and averred that the subject Woodhead Pendant Control was sold in Pennsylvania by Defendants Woodhead, identified herein, directly or indirectly.

16    Alternatively, it is believed and averred that Defendants Woodhead, identified herein, have, on a regular and continuous basis, sold their respective products to Pennsylvania businesses and/or individuals, directly or indirectly.

17    It is believed and averred that Defendants Woodhead, identified herein, as discussed herein, caused Plaintiff-Husband harm through its defective pendant control, the subject Woodhead pendant control, which caused him injury in Pennsylvania.

6

18     Plaintiffs aver that Defendants are subject to personal jurisdiction pursuant to the Pennsylvania Long Arm Statute and Pennsylvania law. 42 Pa. C.S.A. Section 5322, et seq.

19     As discussed herein, incorporated by reference, it is believed and averred that Defendant Woodhead, L.P. became acquired by stock, assets, and/or a combination thereof, directly and/or indirectly, by Defendant Woodhead Industries, LLC, identified herein.

20     It is believed and averred that the intellectual property of Defendant Woodhead, L.P. is now owned and/or controlled by Defendant Woodhead Industries, LLC.

21     It is believed and averred that, at the time of said acquisition by Defendant Woodhead LP by Woodhead Industries, LLC, Defendant Woodhead Industries, LLC had acquired all or substantially all of the assets and/or stock of Defendant Woodhead LP and/or all or substantially all of the following: (a) the manufacturing assets, inventory, and/or know how for the subject pendant control product line; (b) engineering drawings; (c) patents, intellectual property; (d) key personnel; customers and/or customer lists; (e) contracts and/or distribution agreements; and/or other assets and/or property or personnel to enable the continuation of the pendant control product line.

22     It is believed and averred that, through the respective "Woodhead Defendant" acquisition of the original manufacturer, designer, and/or seller of the subject "Woodhead" pendant control, involved in Plaintiff-Husband's accident, the original manufacturer or seller of this product, and/or the respective successor in interest thereto, or its respective successor ceased to exist.

23     It is believed and averred that the subject pendant control has the name "Woodhead" on it.

7

24      It is believed and averred that the subject pendant control has the name on it of
"Woodhead LP."

25      Plaintiffs have identified the following entities that Plaintiffs believe and aver are
successors in interest to Defendant Woodhead LP. These Defendants are: (a) Defendant Daniel
Woodhead Company; (b) Defendant Daniel Woodhead, Inc.; (c) Defendant Woodhead Industries
LLC; (d) Defendant Woodhead Industries Inc.; (e) Defendant Molex, Inc.; and (f) Defendant
Molex, LLC.

26      Defendants Woodhead, which includes the Molex Defendants, Defendant Molex,
LLC and Defendant Molex, Inc. are responsible for the product defects associated with the
subject Woodhead pendant control which injured Plaintiff-Husband as a result of or by
application of (a) statutory merger; (b) de facto merger; (c) the continuation doctrine; express or
implied assumption of liability; and/or (e) the Pennsylvania product-line exception.

27      It is believed and averred that the Woodhead acquisitions occurred through a
statutory merger.

28      It is believed and averred that the Woodhead acquisitions occurred through a de
facto merger, that is one which contained most or nearly all the elements of a statutory merger.

29      It is believed and averred that the Woodhead acquisitions occurred with an
express or an implied assumption of liability from the predecessor entity which included the
original manufacturer.

30      It is believed and averred the Woodhead Defendants are effectively mere
continuations of the original pendant control manufacturer and/or seller and continue to
manufacturer and/or sell the subject model Woodhead pendant control.

8

31    These Defendants are identified herein as "Defendants Woodhead" and/or as the "Woodhead Defendants."

32    These "Woodhead Defendants" include Defendants Molex, LLC and Molex, Inc.

33    After service of the two writs in this civil matter, discussed herein, Defendants Woodhead, through their representative, proposed a stipulation that the subject Pendant Control involved in Plaintiff-Husband's July 20, 2015 injury was designed, manufactured, and sold by Defendant Woodhead Industries, LLC, or a predecessor, which is the sole Woodhead entity at issue.

34    Pursuant to this aforesaid proposed stipulation, it is believed and averred that Defendant Woodhead Industries, LLC is the successor in interest to Defendant Woodhead, LP.

35    On the aforementioned subject, Woodhead Pendant Control has on it, as identification, the name "Woodhead L.P."

36    On the subject Woodhead Pendant Control, there are also other references. These are "LR32400" and "31-0980."

37    Defendants Hamer, LLC and Hamer-Fischbein LLC are manufacturers of the subject Hamer 2090 bagging machine in fact and at law since their name, Hamer, is on the subject machine.

38    Pursuant to Pennsylvania and applicable law, including the Restatement (Second) of Torts, Section 400, the Hamer Defendants and Defendant Hamer, LLC are the manufacturers of the subject Hamer 2090 Bagging machine at law and in fact.

9

39  Defendant Woodhead, LP is the manufacturer of the subject pendant control pursuant to Pennsylvania law, the Restatement (Second) of Torts, Section 400, and applicable law.

40  Defendant Woodhead Industries, LLC is the manufacturer of the subject pendant control pursuant to Pennsylvania law, the Restatement (Second) of Torts, Section 400, and applicable law.

41  The Woodhead Defendants are the manufacturer of the subject pendant control pursuant to Pennsylvania law, the Restatement (Second) of Torts, Section 400, and applicable law.

42  It is believed and averred that Defendant Daniel Woodhead Company is a foreign business entity, with a principal place of business located at 3411 Woodhead Drive, Northbrook, Illinois 60062.

43  It is believed and averred that Defendant Daniel Woodhead, Inc. is a foreign business entity with a principal place of business located at 3411 Woodhead Drive, Northbrook, Illinois 60062.

44  It is believed and averred that Defendant Woodhead, L.P. is a foreign business entity with a principal place of business located at 3411 Woodhead Drive, Northbrook, Illinois 60062.

45  It is believed and averred that Defendant Woodhead, LP may also have a principal place of business located at 2222 Wellington Court, Lisle, Illinois, 60532-3831.

10

46  It is believed and averred that Defendant Woodhead Industries, LLC is a foreign business entity with a principal place of business located at 3411 Woodhead Drive, Northbrook, Illinois 60062.

47  It is believed and averred that Defendant Woodhead Industries, LLC may also have a principal business address at 333 Knightsbridge Parkway, Suite 200, Lincolnshire, Illinois 60069.

48  It is believed and averred that Defendant Woodhead Industries, Inc. is a foreign business entity with a principal place of business located at 3411 Woodhead Drive, Northbrook, Illinois 60062 and/or at 333 Knightsbridge Parkway, Suite 200, Lincolnshire, Illinois 60069.

49  It is believed and averred that Defendant Daniel Woodhead Co. is a foreign business entity with a principal place of business located at 3411 Woodhead Drive, Northbrook Illinois, 60062.

50  It is believed and averred that Defendant Daniel Woodhead, Inc. is a foreign business entity with a principal place of business located at 2222 Wellington Court, Lisle, Illinois 60532-3831.

51  It is believed and averred that Defendant Molex, Inc. is a foreign business entity, with a principal place of business located at 2222 Wellington Court, Lisle, Illinois 60532-3831.

11

52  It is believed and averred that Defendant Molex, LLC. Is a foreign business entity, with a principal place of business located at 2222 Wellington Court, Lisle, Illinois 60532-3831.

53  It is believed and averred that the subject Pendant Control that injured Plaintiff-Husband was designed, manufactured, and sold by Defendant Woodhead, LP. This Defendant's name is on the subject product.

54  It is believed and averred that Defendants Woodhead Industries, LLC, Woodhead Industries, Inc., Daniel Woodhead Co., and/or Daniel Woodhead, Inc. were predecessor entities to Defendant Woodhead, LP. and/or are its successors-in-interest.

55  It is believed and averred that Defendants Molex, Inc. and Molex, LLC are successors-in-interest to Defendant Woodhead, LP and/or of Defendants Woodhead Industries, LLC, Woodhead Industries, Inc., Daniel Woodhead Co., and/or Daniel Woodhead, Inc.

56  Alternatively, it is believed and averred that Defendants Molex, Inc. and Molex, LLC are parents to the aforementioned "Woodhead" entities -- Defendant Woodhead, LP and/or of Defendants Woodhead Industries, LLC, Woodhead Industries, Inc., Daniel Woodhead Co., and/or Daniel Woodhead, Inc.

57  Alternatively, it is believed and averred that these Defendants acquired the stock and/or all or substantially all of the stock and/or assets of Defendant Woodhead, LP.

58  It is believed and averred that Defendants Woodhead, directly or indirectly sold the subject pendant control and/or their respective products in Pennsylvania through their

12

distribution network which, in turn, includes or, at relevant times has included Defendants Molex, LLC and/or Molex, Inc.

59  It is believed and averred that, at relevant times, Defendants Woodhead and/or Defendants Molex, Molex, LLC and Molex, Inc. conducted business and/or were registered to conduct business in Pennsylvania.

60  As stated above, incorporated by reference, Plaintiff-Husband was injured by a Hamer LLC bagger machine equipped with the aforementioned Woodhead pendant control product.

61  It is believed and averred that the aforementioned Hamer LLC bagger machine was designed to accommodate and use a pendant control.

62  It is believed and averred that the subject Hamer Bagger was designed with the intended or foreseeable use of a pendant control.

63      Based on information and belief, Defendant Hamer, LLC (hereinafter "Hamer, LLC") is a foreign business entity, with its principal place of business located at 14650 28th Avenue North, Plymouth, Minnesota 55447-4821.

64      Defendant Duravant LLC is, upon information and belief, a foreign business entity with a principal place of business located at 3500 Lacey Road, Suite 290, Downers Grove, Illinois, 60515.

65      It is believed and averred that Defendant Fischbein, LLC is a foreign business entity with a principal place of business at 3500 Lacey Road, Suite 290, Downers Grove, Illinois, 60515.

13

66     It is believed and averred that Defendant Fischbein LLC, at times relevant hereto, as discussed herein, incorporated by reference, operated from 151 Walker Road, Statesville, North Carolina, 28625.

67     It is believed and averred that Defendant Duravant LLC is a parent company that acquired the stock and/or assets of Defendant Hamer, LLC and/or of Defendant Fischbein, LLC.

68     Alternatively and/or in addition hereto, it is believed and averred that Defendant Duravant LLC acquired all or substantially all of the assets of Defendant Hamer, LLC and/or of Defendant Fischbein, LLC.

69     It is believed that, in or around 2016, Defendant Duravant LLC merged Defendant Hamer LLC into Defendant Fischbein, LLC to form a survivor entity, Defendant Hamer-Fischbein, LLC.

70     Alternatively, it is believed and averred that Defendant Fischbein, LLC acquired Defendant Hamer LLC or vice versa, acquiring the assets or substantially all of the assets of same, and/or the stock of same, and that Defendant Duravant, LLC thereafter acquired the companies individually and/or separately, Defendants Hamer, LLC and/or Fischbein, LLC.

71     It is believed and averred that Defendant Hamer, LLC and Defendant Fischbein LLC merged to form a survivor entity, Defendant Hamer-Fischbein, LLC.

72     It is believed and averred that Defendant Hamer-Fischbein, LLC was formed (a) as a statutory merger; (b) a de facto merger; and/or is otherwise a mere continuation of the aforesaid entities, Defendants Hamer, LLC and/or Fischbein, LLC.

73     It is believed and averred that Defendant Hamer-Fischbein, LLC acquired all or substantially all of the assets of Defendants Hamer, LLC and/or of Fischbein, LLC.

14

74     It is believed and averred that Defendant Hamer-Fischbein, LLC is a mere continuation of Defendant Hamer, LLC and/or of Defendant Fischbein, LLC.

75     It is believed and averred that the merger of Defendant Hamer, LLC and Defendant Fischbein, LLC to form Defendant Hamer-Fischbein, LLC was a statutory or a *de facto* merger.

76     It is believed that, at one time, Defendant Hamer, LLC possessed a telephone number of 763-231-0100.

77     It is believed and averred that, sometime after the design, manufacture, and/or sale of the subject Model 2090 Hamer Bagging Machine, Defendant Hamer, LLC changed its name to and is now known as Defendant Hamer-Fischbein, LLC.

78     Defendant Hamer-Fischbein, LLC (hereinafter "Hamer-Fischbein") is, upon information and belief, a Minnesota business, with its principal place of business located at 14650 28th Avenue North, Plymouth, Minnesota 55447.

79     It is believed and averred that Defendant Hamer-Fischbein, LLC, now possesses the aforementioned Hamer, LLC telephone number.

80     It is believed and averred that Defendants Hamer-Fischbein, LLC and/or Hamer, LLC use or have used a website address of www.hamerinc.com.

81     It is believed and averred that this web address, www.hamerinc.com, presently and/or at relevant times redirects the user to a website for Defendant Hamer-Fischbein, LLC.

82     Based on information and belief, Defendant Hamer, Inc. (hereinafter "Hamer, Inc.") is a Minnesota business, with its principal place of business located at 4400 Norwood Lane North, Minneapolis, Minnesota 55447-4821.

15

83    Based on information and belief, Defendant Martin Enterprises of Minneapolis, Ltd. ("Martin Enterprises") is a foreign business with its principal place of business located at 6521 Cambridge Street, Minneapolis, Minnesota, 85426.

84    It is believed and averred that Defendant Martin Enterprises previously or presently has conducted business under the name "Hamer, Inc."

85    The subject Model 2090 Hamer Bagging Machine involved in Plaintiff-Husband's July 20, 2015 injury has the name "Hamer" on the machine.

86    The subject Model 2090 Hamer Bagging Machine involved in Plaintiff-Husband's July 20, 2015 injury has the name "Hamer LLC" on the machine.

87    The subject Hamer Model 2090 Bagger is believed and averred to be referred to by Defendants Hamer, LLC and/or the other Defendant Hamer Bagger entities, identified herein, incorporated by reference, as a Model 2090 Industrial Horizontal Form, Fill and Seal Packaging System.

88    It is believed and averred that, sometime in or after 2005, Defendant Fischbein, LLC was acquired by Defendant Duravant, LLC.

89    It is believed and averred that the aforementioned acquisitions of Defendants Hamer, LLC and/or Fischbein LLC, directly or indirectly, by Defendant Duravant, LLC was by an asset acquisition or alternatively by a stock acquisition or by a combination of a stock and asset transaction.

90    It is believed and averred that Defendant Duravant, LLC acquired all or substantially all of the assets of Defendants Hamer, LLC and/or Fischbein, LLC.

91      It is believed and averred that, at relevant times alleged herein, Defendants Hamer, LLC and Fischbein, LLC are and have been wholly owned subsidiaries of Defendant Duravant, LLC.

92      It is believed and averred that, at relevant times alleged herein, Defendant Hamer-Fischbein, LLC is and has been, a wholly owned subsidiary of Defendant Duravant, LLC.

93      It is believed and averred that, at relevant times alleged herein, Defendant Duravant, LLC acquired all or substantially all of the assets of Defendant Hamer-Fischbein, LLC.

94      It is believed and averred that Defendant Dave Fischbein Company was, at one time, a Minnesota business entity with principal place of business located at 14650 28th Avenue North, Minneapolis, Minnesota 55447.

95      It is believed and averred that, before Defendant Duravant, LLC acquired Defendant Fischbein, LLC, this business,  Defendant Dave Fischbein Company, was acquired by or merged into Defendant Fischbein, LLC, and subsequently relocated to 151 Walker Road, Statesville, North Carolina, 28625.

96      It is believed and averred that Defendant Dave Fischbein Company merged into Defendant Fischbein, LLC by statutory or de facto merger.

97      It is believed and averred that Defendant Fischbein, LLC became a mere continuation of Defendant Dave Fischbein Company.

98      All averments directed against Defendants Hamer-Fischbein, LLC, Hamer, LLC, Fischbein, LLC, Duravant, LLC and any other Hamer Bagger entity applies with equal force and effect against Defendant Dave Fischbein Company as if fully set forth at length herein against Defendant Dave Fischbein Company.

17

99      Defendant Fischbein Company is, upon information and belief, a predecessor to Defendant Fischbein, LLC, which is now doing business as Defendant Hamer Fischbein, LLC.

100     All averments relating to Defendant Fischbein, LLC apply with equal force and effect herein to Defendant Fischbein Company.

101     For simplicity herein, the "Defendant Fischbein Entities and/or Businesses" herein refer to Defendants Fischbein Company, Dave Fischbein Company, and Fischbein LLC.

102     It is believed and averred that the combination or combinations of the "Defendant Fischbein Entities and/or Businesses" occurred before the design, manufacture and sale of the subject Model 2090 Hamer Bagger Product.

103     It is believed and averred that Defendant Hamer Fischbein is successor-in-interest to the Defendant Fischbein entities.

104     It is believed and averred that Defendant Duravant acquired the Defendant Fischbein Entities and/or Businesses before the design, manufacture and sale of the subject product.

105     It is believed and averred that Defendant Duravant acquired Defendant Hamer, LLC and/or the Defendant Hamer Entities and/or Businesses, identified herein, before the sale of the subject product.

106     It is believed and averred that Defendant Fischbein, LLC at one time possessed the telephone number 704-871-1159.

107     It is believed and averred that this number now answers to Defendant Hamer-Fischbein, LLC and is possessed by Defendant Hamer-Fischbein, LLC.

Case ID: 170700917

108     It is believed and averred that Defendant Hamer-Fischbein America is a North Carolina business, with its principal place of business located at 151 Walker Road, Statesville, North Carolina 28625.

109     It is believed and averred that Defendant Hamer-Fischbein America is a fictitious name owned and/or used by Defendants Hamer-Fischbein, LLC, Fischbein, LLC, Hamer, LLC, Duravant, LLC, and/or by the Defendant Hamer Entities and/or Businesses and/or by the Fischbein Entities and/or Businesses.

110     Alternatively, Defendant Hamer-Fischbein America is a separate business entity that, through acquisition of all or substantially all of its stock and/or assets is now succeeded by in interest, as its successor, by Defendants Hamer, LLC, Fischbein, LLC, Hamer-Fischbein LLC, and/or by the Hamer Defendants.

111     It is believed and averred that Defendant Hamer-Fischbein America was merged into, in fact or at law, Defendant Hamer-Fischbein, LLC, Hamer, LLC, Fischbein, LLC, the Hamer Defendants, and/or by Defendant Duravant, LLC.

112     All averments directed to Defendants Hamer-Fischbein, LLC., Hamer, LLC., Fischbein, LLC., Duravant, LLC and/or any other Hamer Bagger entity or business, referenced herein, apply with equal force and effect to Defendant Hamer-Fischbein America as if fully set forth at length herein.

113     It is believed and averred that, at relevant times herein, Defendant Fischbein LLC was acquired by Defendant Duravant LLC and/or was subsequently merged or acquired by or into Defendant Hamer, LLC and/or was otherwise acquired by merger, statutory merger, stock and/or asset transaction as set forth herein, to become Defendant Hamer-Fischbein, LLC.

Case ID: 170700917

114     For simplicity herein, the "Model 2090 Bagger Defendants" are Defendants

Hamer, LLC, Hamer, Inc., Hamer-Fischbein, Hamer-Fischbein, LLC, Hamer-Fischbein

America, Fischbein, LLC, Dave Fischbein, LLC, and Martin Enterprises of Minneapolis, Ltd,

identified who are the designers, sellers, manufacturers, and/or who are successors-in-interest to

the original designer(s), manufacturer(s), and/or seller(s) of the subject Model 2090 Bagger

machine that injured Plaintiff-Husband.

115     These Defendants include the following Defendants: Defendants Hamer, LLC,

Hamer, Inc., Hamer-Fischbein, LLC, Hamer-Fischbein, Hamer-Fischbein America, Fischbein

Co., Fischbein, LLC, Dave Fischbein Co., Martin Enterprises of Minneapolis, Ltd., and

Duravant, LLC.

116     All averments referring to the "Model 2090 Bagger Defendant," the "Hamer

Defendants" and/or to "Defendants Hamer" refer to Defendants Hamer, LLC, Hamer, Inc.,

Hamer-Fischbein, LLC, Hamer-Fischbein, Hamer-Fischbein America, Fischbein Co., Fischbein,

LLC, Dave Fischbein Co., Martin Enterprises of Minneapolis, Ltd., and Duravant, LLC, as if

fully and completely set forth against each said Defendant identified herein.

117     These said Defendants may also hereinafter be referred to as "Defendants Hamer"

and/or as the "Hamer Defendants."

118     It is believed and averred that, when Defendants Hamer, LLC and/or Hamer-

Fischbein, LLC designed, manufactured, and sold the subject Model 2090 Hamer Bagging

product, distributing it directly or indirectly, in Pennsylvania, they individually or respectively

sold it with a pendant control referred to as a Woodhead, LP Safeway Series 4000 Pendant

Control, as a component part.

20

119     Alternatively, it is believed and averred that the aforementioned Defendant Woodhead, LP Safeway Series 4000 Pendant Control, the subject Pendant Control, was a replacement Pendant Control directly or indirectly sold by Defendant Woodhead, LP or its distributors in Pennsylvania.

120     It is believed and averred that the subject Hamer Model 2090 Bagger is industrial equipment.

121     On July 20, 2015, Plaintiff-Husband was injured by a Woodhead Safeway Series 4000 Pendant Control that was on the subject Model 2090 Hamer Bagging Machine.

122     It is believed and averred that the subject Woodhead, LP Safeway Series 4000 Pendant Control was on the subject Hamer Model 2090 Bagging Machine and/or was a component part thereto at relevant times, including at the time of the design, manufacture and/or sale of the subject Hamer Bagging Machine and/or at the time of Plaintiff-Husband's July 20, 2015 injury.

123     Plaintiffs assert successor liability claims against the Defendants, one, more, or all, identified as the successors-in-interest to Defendants Hamer, LLC, Defendant Hamer, Defendant Hamer-Fischbein, LLC, and of Defendant Woodhead, LP.

124     It is believed and averred that Defendants have, at relevant times herein, directly or indirectly engaged in activities and actions, on a regular basis, of shipping merchandise through the Commonwealth of Pennsylvania.

125     Defendants' products – the subject Hamer Model 2090 Bagger Machine and the Woodhead Pendant Control – caused Plaintiff permanent injuries, described herein, incorporated by reference.

21

126     Plaintiffs' injuries and damages, caused by Defendants' respective products, occurred in Pennsylvania.

127     Defendants Woodhead, the Pendant Control Defendants identified herein, sold the subject Pendant control.

128     It is believed and averred that Defendants Woodhead sold the subject Pendant control with knowledge that it would be for a machine that could be sold and used in Pennsylvania.

129     It is believed and averred that the subject Hamer Bagger was sold by Defendants to a predecessor of Plaintiff's employer in Pennsylvania.

130     It is believed and averred that Defendants Hamer installed the subject machine in Pennsylvania.

131     It is believed and averred, at relevant times, Defendants Woodhead and the Hamer Defendants had regularly and continuously sold products directly and/or indirectly in Pennsylvania through agents and distributors.

132     It is believed and averred that Defendant Woodhead, L.P. and Defendant Woodhead Industries, LLC, and/or Defendant Woodhead Industries, Inc., operated on a regular basis directly or indirectly through its parent and affiliates, Molex, Inc. and Defendant Molex, LLC, which are registered to do business in the Commonwealth of Pennsylvania and have been so registered since before July 20, 2015.

133     It is believed and averred that, at relevant times alleged herein, Defendant Woodhead, L.P., Defendant Woodhead Industries, LLC, and Defendant Woodhead Industries, Inc. operated through their parent and/or affiliates, which included Defendant Molex, LLC and/or Molex, Inc., which, in turn, were, at relevant times, subsidiaries of the Koch Companies,

22

which included Koch Companies Public Sector, LLC, part of the Koch Industries which, at relevant times hereto, has been registered to conduct business in the Commonwealth of Pennsylvania.

134    It is believed and averred that Defendant Woodhead Industries, LLC became the registered owner of the name "Woodhead" in or about August 9, 2016, after receiving this title to this intellectual property from Defendant Woodhead Industries, Inc., and assignment, through filing assistance made by Koch Industries and/or its affiliates, including Koch Companies Public Sector, LLC.

135    "Defendants Woodhead" as referenced herein, refers to Defendants Woodhead, LP, Daniel Woodhead Company, Daniel Woodhead, Inc., Defendant Woodhead Industries, Inc., Defendant Woodhead Industries, LLC, Defendant Molex, Inc. and Defendant Molex, LLC.

136    It is believed and averred that Defendants Woodhead have, at relevant times regularly and continuously, directly and/or indirectly engaged in the business of designing, manufacturing and selling pendant controls such as the subject pendant control product at issue and other electrical equipment, including, but not limited to adaptors for electrical plugs and connectors, cable grips, cord reels and winders, electrical cords and cord sealing grips and numerous other electrical products.

137    It is believed and averred that at all relevant times herein, Defendants Woodhead have regularly and continuously, directly and/or indirectly engaged in business in the Commonwealth of Pennsylvania through sales of products through distributors that regularly conduct business in Pennsylvania.

138    It is believed and averred that Defendants Hamer regularly and continuously engaged in business in Pennsylvania, at relevant times, directly and/or indirectly, through

23

Defendants' individual actions and/or those of these Defendants' parent entity, Defendant Duravant, LLC.

139     It is believed and averred that at relevant times including since before 2005, Defendant Duravant, LLC has been registered to conduct business in the Commonwealth of Pennsylvania.

140     It is believed and averred that, at relevant times, Defendant Duravant, LLC had also been known in Pennsylvania to conduct business under the name of Defendant Fischbein, LLC.

141     It is believed and averred that, at relevant times, Defendant Duravant, LLC was previously known as Defendant Fischbein, LLC.

142     At all relevant times, one, more, or all of the Defendants have regularly conducted business within the area of jurisdiction of this Honorable Court, including in Philadelphia.

143     Defendants are within the jurisdiction of this Honorable Court in fact and pursuant to the Pennsylvania long arm statute, 42 Pa. CSA Section 5322, et seq.

144     Venue is proper. It is believed and averred that Defendants, one, more, or all regularly conduct business in Philadelphia.

## II.     PRODUCTS AT ISSUE

145.    On July 20, 2015, Plaintiff John Settle was severely injured through an electrical shock caused respectively by the unsafe and defective designs of Defendants' products.

146.    Defendants' products, identified herein, that caused Plaintiff-Husband's injuries are the following:

    a.   A Woodhead series 4000 industrial pendant control referencing L432400;

    b.   A Model 2090 Hamer automated bagging system.

### III.   PROCEDURAL HISTORY

147.   Plaintiffs commenced this civil action by two separate writs of summons, which have been served upon Defendants.

148.   This Complaint is filed on both civil actions as a continuation of these civil actions.

149.   Plaintiffs have filed a Motion to Consolidate these civil actions.  This Motion is presently pending.

150.   Plaintiffs incorporate by reference the averments above as if fully and completely set forth herein.

151.   On July 20, 2015, in the course and scope of his employment, Plaintiff-Husband was a user or operator of the aforementioned Hamer Bagger which was equipped with the aforementioned Woodhead pendant control, when he received an electrical shock, caused by the defects associated with these respective products, described herein, incorporated by reference.

152.   It is believed and averred that the subject Hamer bagger was defectively designed or manufactured in its electrical system and thereby, due to this defective design and/or manufacture, was not properly or adequately protected from providing electrical shock to its users and/operators, such as Plaintiff-Husband.

153.   It is believed and averred that the subject Woodhead pendant control was defectively designed or manufactured in its electrical system and/or insulation and components

25

and thereby, due to this defective design or manufacture, did not properly or adequately protect Plaintiff-Husband, its user, from electrical shock and resultant injury.

154.    It is believed and averred that the aforementioned products did not provide proper or adequate warnings or instructions necessary to properly or adequately protect their respective users or operators, such as Plaintiff-Husband, from injuries caused by electrical shock.

155.    As a direct and proximate result of the Hamer/Woodhead product defects, their respective defective manufacture, design, and/or their respective defective warnings and/or instructions Plaintiff-Husband suffered an electrical shock and related injuries, including burns and was caused to fall and suffer additional injuries to his body, which included, but are not limited to the following:

   a.    Injuries to his body, burning and shock;

   b.    Injuries to his shoulders, arms, and upper extremities;

   c.    Injuries to his neck and back;

   d.    Physical injuries to his muscles, ligaments, nerves, and sesquelae thereto;

   e.    Hospital, medical expenses, past and future;

   f.    Scarring and disfigurement;

   g.    Lost Earnings;

   h.    Pain and suffering, past and future;

   i.    Lost life pleasures, past and future;

26

j.    Other damages, the full extent of which are not yet known, which may be determined in discovery and/or at trial.

## IV.    CIVIL CLAIMS

### COUNT I-NEGLIGENCE
### PLAINTIFFS v. THE HAMER DEFENDANTS

For their First Count, Plaintiffs aver as follows:

156.    Plaintiffs' hereby incorporate by reference the paragraphs above as if set forth at length herein.

157.    Defendants Hamer, through its original seller or by successor, designed, manufactured, and sold a bagger machine that possessed a design defect or manufacturing defect which was not reasonably detectable by the user or operator, that resulted in Plaintiff's injuries and damages.

158.    It is believed and averred that the subject Hamer bagger machine, through its improper or unreasonably dangerous design or manufacture, did not properly or adequately insulate or ground the product, when used with a pendant control or otherwise, thereby exposing its users and operators, such as Plaintiff-Husband, to a dangerous electrical shock or electrocution hazard, which, in Plaintiff-Husband's instance, resulted in his injury and in Plaintiffs' damages, identified herein, incorporated by reference.

159.    It is believed and averred that the aforementioned Hamer Bagger that injured Plaintiff-Husband was designed, manufactured, and sold by Defendants Hamer, identified as the Hamer Defendants or the Bagger Defendants herein, incorporated by reference.

27

160.  As designed, manufactured, and/or sold by the Hamer Defendants, the subject
      Bagger was unreasonably dangerous and possessed unsafe conditions which could
      have been eliminated or minimized through a feasible alternative design and/or
      proper or adequate warnings and/or instructions.

161.  It is believed and averred that Defendants Hamer failed to use proper, reasonable,
      ordinary, or due care in designing, manufacturing, and/or selling the subject bagger
      by actions or omissions that caused Plaintiff-Husband's injuries and damages, inter
      alia, by:

      a.  The failure to design, manufacture, sell, assemble, fabricate, treat, test, and/or
          supply the aforementioned bagger and component parts thereto with feasible
          safety features and/or components that would protect the user or operator from
          electrical shock or other associated hazard;

      b.  The failure to properly or adequately design or install the electrical system to
          properly or adequately protect the user or operator from electrical shock or injury;

      c.  Failure to follow Defendants' own design drawings or procedures or standards
          with proper or reasonable care;

      d.  Violating or failing to properly or adequately follow industry standards;

      e.  Failing to follow or provide proper or adequate safety components or devices to
          prevent or minimize injury;

      f.  Failure to properly provide or incorporate components or guarding to insulate
          and/or protect the user or operator from shock or electrical charge;

      g.  Failing to properly or adequately inspect or test the subject product;

    h.  Failing to properly or adequately warn or instruct with regard to use or installation

        resulting in the subject product being in an unreasonably dangerous condition;

    i.  Failing to specify a proper or adequate pendant control for the subject product;

    j.  Incorporating unsafe components including, but not limited to the product's

        pendant control;

    k.  Failing to design, manufacture, sell, or supply the product with everything

        necessary to protect the product's users and operators to minimize or eliminate

        injury from electrical shock;

    l.  Failure to use due or proper care;

    m.  Such other negligence as shall be established in discovery or at trial.

162.    Defendants Hamer and/or the Bagger Defendants' negligence, set forth above,

       caused Plaintiff-Husband's injuries and damages, identified herein, incorporated by

       reference.

WHEREFORE, Plaintiffs demand judgment against Defendants, jointly and severally, for an

amount in excess of Fifty Thousand ($50,000.00) Dollars, exclusive of interest or costs.

Plaintiffs further demand interest, costs, and delay damages, from Defendants, jointly and

severally.

### COUNT II-NEGLIGENCE
### PLAINTIFFS v. THE WOODHEAD DEFENDANTS

For their Second Count, Plaintiffs aver as follows:

163.    Plaintiffs' hereby incorporate by reference the paragraphs above as if set forth at

       length herein.

Case ID: 170700917

164.   It is believed and averred that Defendants Woodhead, the Pendant Control

Defendants, failed to use proper, reasonable, ordinary, or due care in designing,

manufacturing, and/or selling the subject pendant control by actions or omissions that

caused Plaintiff-Husband's injuries and damages, inter alia, by:

   a.   The failure to design, manufacture, sell, assemble, fabricate, treat, test, and/or

     supply the aforementioned pendant control and component parts thereto with

     feasible safety features and/or components that would protect the user or operator

     from electrical shock or other associated hazard;

   b.   The failure to properly or adequately design or install onto the subject pendant

     control a proper or adequate insulated and protected electrical wiring or system to

     properly or adequately protect the user or operator from electrical shock or injury;

   c.   Failure to follow Defendants' own design drawings or procedures or standards

     with proper or reasonable care;

   d.   Violating or failing to properly or adequately follow industry standards;

   e.   Failing to follow or provide proper or adequate safety components or devices to

     prevent or minimize injury;

   f.   Failure to properly provide or incorporate components or guarding to insulate

     and/or protect the user or operator from shock or electrical charge;

   g.   Failing to properly or adequately inspect or test the subject product;

   h.   Failing to properly or adequately warn or instruct with regard to use or installation

     resulting in the subject product being in an unreasonably dangerous condition;

   i.   Failing to specify a proper or adequate instructions or warnings for the pendant

     control's safe or intended use;

j.   Incorporating unsafe components including, but not limited to guarding or wiring protection for the product's pendant control;

k.   Failing to properly or adequately insulate or protect the wiring for the subject pendant control;

l.   Failing to use proper or adequate materials that would minimize electrical shock or user injury;

m.   Failure to properly or adequately insulate the subject product to minimize or eliminate the risk of injury;

n.   Failing to design, manufacture, sell, or supply the product with everything necessary to protect the product's users and operators to minimize or eliminate injury from electrical shock;

o.   Failure to use due or proper care;

p.   Such other negligence as shall be established in discovery or at trial.

165.   Defendants Woodhead and the Pendant Control Defendants' negligence, set forth above, caused Plaintiff-Husband's injuries and damages, identified herein, incorporated by reference.

WHEREFORE, Plaintiffs demand judgment against Defendants, jointly and severally, for an amount in excess of Fifty Thousand ($50,000.00) Dollars, exclusive of interest or costs. Plaintiffs further demand interest, costs, and delay damages, from Defendants, jointly and severally.

## COUNT III-STRICT LIAIBLITY
## PLAINTIFFS v. THE HAMER DEFENDANTS

31

For their Third Count, Plaintiffs aver as follows:

166   Plaintiffs' hereby incorporate by reference the paragraphs above as if set forth at length herein.

167   Based on information and belief, Defendants were regularly in the business of selling bagger machines and similar products at all relevant times alleged herein.

168   The subject product was without substantial change at the time of Plaintiff-Husband's injury.

169   Alternatively, should any condition of change be determined, this change occurred through foreseeable use or modification.

170   To the extent Defendants are successors in interest to the seller of the subject bagger, they are liable for Plaintiffs' injuries and damages pursuant to successor liability as established and set forth herein, incorporated by reference.

171   Defendants' bagger lacked everything necessary to make it safe for its use and possessed conditions that rendered it unsafe.

172   Defendants' product would have been made safe and have prevented or minimized Plaintiff-Husband's injuries and Plaintiffs' damages through a feasible alternative design that would have properly and safely insulated the product from causing electrical shock injury.

173   Defendants are strictly liable to Plaintiffs for their injuries and damages pursuant to Section 402A of the Restatement (Second) of Torts.

174   Defendants' product lacked proper or adequate instructions and warnings which, due to their omission or improper specificity or inadequacy were a direct and proximate cause of Plaintiffs' injuries and damages.

32

175    As a direct and proximate result of Defendants' defective product, identified above, incorporated by reference, Plaintiffs suffered injuries and damages.

WHEREFORE, Plaintiffs demand judgment against Defendants, jointly and severally, for an amount in excess of Fifty Thousand ($50,000.00) dollars, exclusive of interest and costs. Plaintiffs further demand interest, costs, and delay damages, jointly and severally from Defendants.

## COUNT IV-STRICT LIABILITY
## PLAINTIFFS v. THE WOODHEAD DEFENDANTS

For their Fourth Count, Plaintiffs aver as follows:

176    Plaintiffs' hereby incorporate by reference the paragraphs above as if set forth at length herein.

177    Based on information and belief, Defendants were regularly in the business of selling pendant controls and similar products at all relevant times alleged herein.

178    The subject product was without substantial change at the time of Plaintiff-Husband's injury.

179    Alternatively, should any condition of change be determined, this change occurred through foreseeable use or modification.

180    To the extent Defendants are successors in interest to the seller of the subject pendant control, they are liable for Plaintiffs' injuries and damages pursuant to successor liability as established and set forth herein, incorporated by reference.

181    Defendants' pendant control lacked everything necessary to make it safe for its use and possessed conditions that rendered it unsafe.

33

182    Defendants' product would have been made safe and have prevented or minimized Plaintiff-Husband's injuries and Plaintiffs' damages through a feasible alternative design that would have properly and safely insulated the product from causing electrical shock injury.

183    Defendants are strictly liable to Plaintiffs for their injuries and damages pursuant to Section 402A of the Restatement (Second) of Torts.

184    Defendants' product lacked proper or adequate instructions and warnings which, due to their omission or improper specificity or inadequacy were a direct and proximate cause of Plaintiffs' injuries and damages.

185    As a direct and proximate result of Defendants' defective product, identified above, incorporated by reference, Plaintiffs suffered injuries and damages.

WHEREFORE, Plaintiffs demand judgment against Defendants, jointly and severally, for an amount in excess of Fifty Thousand ($50,000.00) dollars, exclusive of interest and costs. Plaintiffs further demand interest, costs, and delay damages, jointly and severally from Defendants.

## COUNT V-SUCCESSOR LIABILITY
## PLAINTIFFS v. HAMER DEFENDANTS

For their Fifth Count, Plaintiffs aver as follows:

186    Plaintiffs' hereby incorporate by reference the paragraphs above as if set forth at length herein.

187    Plaintiffs assert that Defendants Hamer are legal successors to the original manufacturer and/or seller of the subject bagger product.

34

188    Defendants are liable for Plaintiffs' injury and damages for negligence and strict liability as set forth above incorporated by reference.

189    Defendants are successors liable for Plaintiffs' injuries and damages pursuant to the following doctrines and law, identified above, incorporated by reference:

    a.   Statutory Merger;

    b.   De Facto Merger;

    c.   Continuation of Enterprise;

    d.   Express assumption of liability;

    e.   Implied assumption of liability;

    f.   The Pennsylvania products line or applicable product line doctrine.

WHEREFORE, Plaintiffs demand judgment against Defendants, jointly and severally, for an amount in excess of Fifty Thousand ($50,000.00) dollars, exclusive of interest and costs. Plaintiffs further demand interest, costs, and delay damages, jointly and severally from Defendants.

## COUNT VI-SUCCESSOR LIABILITY
## PLAINTIFFS v. THE WOODHEAD DEFENDANTS

For their Sixth Count, Plaintiffs aver as follows:

190    Plaintiffs' hereby incorporate by reference the paragraphs above as if set forth at length herein.

191    Plaintiffs assert that Defendants Woodhead, the Pendant Control Defendants, are legal successors to the original manufacturer and/or seller of the subject pendant control product.

35

192   Defendants are liable for Plaintiffs' injury and damages for negligence and strict liability as set forth above incorporated by reference.

193   Defendants are successors liable for Plaintiffs' injuries and damages pursuant to the following doctrines and law, identified above, incorporated by reference:

    a.   Statutory Merger;

    b.   De Facto Merger;

    c.   Continuation of Enterprise;

    d.   Express assumption of liability;

    e.   Implied assumption of liability;

    f.   The Pennsylvania products line or applicable product line doctrine.

WHEREFORE, Plaintiffs demand judgment against Defendants, jointly and severally, for an amount in excess of Fifty Thousand ($50,000.00) dollars, exclusive of interest and costs. Plaintiffs further demand interest, costs, and delay damages, jointly and severally from Defendants.

### COUNT VII-LOSS OF CONSORTIUM
### PLAINTIFFS v. ALL DEFENDANTS

For their Seventh Count, Plaintiffs aver as follows:

194   Plaintiffs hereby incorporate by reference the paragraphs above as if set forth at length herein.

195   Plaintiff-Wife suffered injuries and damages caused by the injury to Plaintiff-Husband.

196   Plaintiff-Wife's injuries and damages include the loss of her husband's:

    a.   Support;

36

b. Society;

c. Earnings;

d. Support;

e. Conjugal companionship and partnership.

WHEREFORE, Plaintiffs demand judgment against Defendants, jointly and severally, for an amount in excess of Fifty Thousand ($50,000.00) dollars, exclusive of interest and costs. Plaintiffs further demand interest, costs, and delay damages, jointly and severally from Defendants.

Respectfully submitted,

GALFAND BERGER, LLP

BY: _____

ARTHUR L. BUGAY, ESQUIRE

37

## VERIFICATION

We, John Settle and Christine Settle, are the plaintiffs in the attached complaint. We hereby state that the facts above set forth in the complaint are true and correct to the best of our knowledge, information and belief and that we expect to be able to prove the same at trial. We understand that the statements herein are made subject to the penalties of 18 Pa. C.S. § 4904, relating to unsworn falsification to authorities.

11-19-17

_____
JOHN SETTLE

_____
CHRISTINE SETTLE

Date:

Case ID: 170700917